UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:13-cr-300-T-23TGW
         8:16-cv-587-T-23TGW

DAVID P. LAWRENCE
_____/

**O R D E R**

Lawrence moves to vacate under 28 U.S.C. § 2255 and asserts entitlement to relief under *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), which holds "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," and *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), which holds that the newly recognized right established in *Johnson* applies retroactively.  In response (Doc. 16) to the motion to vacate, the United States admits Lawrence's entitlement to relief under *Johnson* because, under *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Lockett*, 810 F.3d 1262 (11th Cir. 2016), Lawrence's prior burglary conviction no longer qualifies under the Armed Career Criminal Act ("ACCA") absent the residual clause.  Without the burglary conviction, Lawrence lacks the necessary felony convictions to qualify for a sentence enhanced under ACCA.

Accordingly, Lawrence's motion to vacate under Section 2255 (Doc. 1) is **GRANTED**. The Clerk must (1) docket this order in the criminal action, (2) enter a judgment for Lawrence in the civil action, and (3) close the civil case. The judgment in the criminal action (Doc. 56) is **VACATED**. All further proceedings will occur in the criminal action.

ORDERED in Tampa, Florida, on July 22, 2016.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE